UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22601-CIV-ALTONAGA

**JOSE A. CISNEROS-GONZALEZ**,

    Plaintiff,
v.

**OFFICER E. HERNANDEZ**, *et al.*

    Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Jose A. Cisneros-Gonzalez's Civil Rights Complaint Form ("Complaint") [ECF No. 1] and Motion to Proceed *In Forma Pauperis* ("IFP Motion") [ECF No. 2], both docketed on June 25, 2024. This action was originally filed in the United States District Court for the Northern District of Florida, but was transferred to this Court on July 10, 2024, after Plaintiff declined to object to the Northern District of Florida's transfer Order. (*See* June 28, 2024 Order [ECF No. 4] 4).

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). Upon initial screening, the Court finds the Complaint should be dismissed without prejudice because it is a shotgun pleading, and the IFP Motion should be denied because it fails to comply with the procedures set forth in 28 U.S.C. section 1915(e). The Court explains.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alterations added; quoting *Iqbal*, 556 U.S. at 678).

Admittedly, courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Rule 8(a)(2)'s requirement of a "short and plain statement of the claim" showing the pleader is entitled to relief. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(2)).

A shotgun pleading is a type of pleading that is not allowed — even from *pro se* plaintiffs. There are four types of shotgun pleadings that violate Rules 8(a), 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying

> which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (alteration added; footnote call number omitted).

## II.  DISCUSSION

### A.  Shotgun Pleading

The Complaint is a shotgun pleading that fails to comply with Rules 8(a)(2) and 10(b). It condenses all of Plaintiff's claims and factual allegations against Defendants into a single, multi-page paragraph that is both "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[]" and fails to "separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23 (alterations added; footnote call numbers omitted); (*see generally* Compl.). In other words, the Complaint is a quintessential shotgun pleading. *See Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (holding that a complaint "composed of long, rambling paragraphs and conclusory statements unsupported by factual allegations" was a shotgun pleading); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (holding that a complaint "consist[ing] of a lengthy series of unnumbered paragraphs containing what amounts to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" was a "classic" shotgun pleading) (alteration added)).

Further, the Complaint lacks "short and plain statement[s] of the claim showing that [Plaintiff] is entitled to relief[,]" and its claims are not divided into numbered paragraphs "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 10(b) (alterations added). Thus, as currently drafted, the Complaint "fail[s] to one degree or another, and in one way

or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (alteration added; footnote call number omitted); (*see also* June 28, 2024 Order 2 (remarking that the Complaint "is not a model of clarity")). Since Plaintiff has failed to file a complaint that meets federal pleading standards, this action is dismissed. *See Weiland*, 792 F.3d at 1322–23.

## B. Failure to State a Claim

Plaintiff purportedly brings his claims under 42 U.S.C. section 1983. Although the Complaint is difficult to follow, a Magistrate Judge in the Northern District of Florida surmised that Plaintiff is attempting to advance three discrete claims:

> (1) [Plaintiff] was unlawfully arrested and denied due process during his state criminal proceedings, so he is being unlawfully detained; (2) Defendants Alejandra and Alex intercepted mail he sent to the Mexican embassy, his family, and lawyers, which prevented him from informing other individuals that he is unlawfully convicted and detained; and (3) he has been unjustifiably placed in confinement and his prison disciplinary reports should be discharged.

(June 28, 2024 Order 2–3 (alteration added)); (*see* Compl. 5–7). As discussed below, the first and third claims cannot be brought under section 1983.

Plaintiff's allegations that his detention is unlawful must be brought in a petition for writ of habeas corpus rather than in a civil rights action under section 1983. "When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under [section] 1983." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (alteration added; quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). In contrast, "any challenge to the 'lawfulness of confinement or the particulars affecting its duration,' . . . falls solely within 'the province of habeas

4

corpus' under [28 U.S.C. section] 2254." *Id.* (alterations adopted; other alterations added; quoting *Hill*, 547 U.S. at 579); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (same).

Plaintiff alleges (among other things) that his detention is "unlawful[,]" his conviction was secured with "perjured testimony[,]" and trial witnesses were tampered with. (Compl. 6 (alterations added)). These types of allegations, if true, cannot be remedied in a section 1983 proceeding and must instead be raised in petition for writ of habeas corpus under 28 U.S.C. section 2254. *See Hutcherson*, 468 F.3d at 754–55; (*see also* June 28, 2024 Order 3 (opining that the relief Plaintiff seeks can only be obtained in section 2254 proceedings)).[1]

In sum, to the extent Plaintiff is challenging the legality of his present incarceration, those challenges cannot be raised under section 1983 and should instead be brought in a habeas petition under 28 U.S.C. section 2254.

**C.    Improper Venue**

Having disposed of the first and third claims raised in the Complaint, the only remaining allegation that can conceivably be brought under section 1983 is that "Defendants Alejandra and Alex intercepted mail [Plaintiff] sent to the Mexican embassy, his family, and lawyers, which prevented him from informing other individuals that he is unlawfully convicted and detained[.]" (June 28, 2024 Order 2–3 (alterations added)).

To begin, unlike Detective Hernandez, who works in Miami-Dade County, Defendants Alejandra and Alex work at the Hardee Correctional Institution in Bowling Green, Hardee County, Florida. (*See* Compl. 2). Plaintiff makes no factual allegations against Detective Hernandez (*see*

---

[1] To the extent Plaintiff's claims can be maintained under section 1983, Plaintiff is still barred from seeking damages related to this "allegedly unconstitutional conviction or imprisonment" unless his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (alteration added).

*generally* Compl.) and fails to show that Detective Hernandez deprived him of a federal right as required to state a section 1983 claim. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under [section] 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." (alteration added)). Thus, Plaintiff states no claim against Detective Hernandez, and the Detective must be dismissed. The remaining Defendants, Alejandra and Alex, work in the Middle District of Florida. *See* 28 U.S.C. § 89(b).

Venue in section 1983 cases is governed by 28 U.S.C. section 1391(b). *See New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991). Venue is proper in a judicial district "in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1)–(2) (alteration added). Here, both remaining Defendants reside in Hardee County and all the substantial events underlying the Complaint (i.e., Defendants' alleged interference with Plaintiff's mail) took place at the Hardee Correctional Institution in Hardee County. (*See* Compl. 2, 5). Since Hardee County is in the Middle District of Florida — not the Southern District of Florida — venue for any section 1983 action brought against Defendants Alejandra and Alex exclusively lies in the Middle District of Florida. *See* 28 U.S.C. § 89(b); *see also Bell v. Ward*, No. 22-cv-143, 2022 WL 1463773, at *3 (M.D. Ga. May 9, 2022) (transferring a case to a district with proper venue where the only defendant giving basis to venue was dismissed).[2]

---

[2] Although the Northern District of Florida previously found that this Court was the proper venue, that decision assumed that Plaintiff was attempting to bring a habeas action under section 2254. (*See* June 28, 2024 Order 3). If, however, Plaintiff's claims against Defendants Alejandra and Alex could be separated into a distinct action under section 1983, that action could only be brought in the Middle District of Florida. *See Bell*, 2022 WL 1463773, at *3.

If a plaintiff files an action in the improper venue, the Court has the option to either dismiss the action without prejudice or transfer the case to the proper venue under 28 U.S.C. section 1406(a). *See Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1313 (S.D. Fla. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013)). The Court recognizes that, as a general matter, transfers are preferred to dismissals because "[they] more efficiently advance 'the expeditious and orderly adjudication of cases and controversies.'" *Green v. Duffy*, No. 22-22514-Civ, 2022 WL 3279543, at *3 (S.D. Fla. Aug. 11, 2022) (alteration adopted; other alteration added; footnote call number omitted; quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

As discussed, the Court finds that dismissal is by far the more appropriate option since the Complaint is a shotgun pleading and suffers from the described substantive defects. *See Morales-Vega v. Walker*, No. 318-031-Civ, 2018 WL 4039727, at *3 (S.D. Ga. June 25, 2018) (explaining that "dismissal is appropriate where the plaintiff's claims have obvious substantive problems" (quotation marks and citation omitted)). Plaintiff should be mindful that, while a habeas petition challenging the legality of his conviction is proper in this District, a civil rights complaint concerning allegedly unconstitutional acts at the Hardee Correctional Institution must instead be brought in the Middle District of Florida.

### D. Legally Insufficient Application

Finally, Plaintiff's IFP Motion is legally insufficient. "A prisoner who seeks to proceed [*in forma pauperis*] must comply with the requirements of 28 U.S.C. [section] 1915(a)." *Bourassa v. Dozier*, 832 F. App'x 595, 597 (11th Cir. 2020) (alterations added). Under section 1915(a), a plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

complaint[.]" 28 U.S.C. § 1915(a)(2) (alteration added).  Plaintiff has failed to do so.  (*See generally* IFP Mot.).

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff's Civil Rights Complaint Form **[ECF No. 1]** is **DISMISSED** without prejudice, and his Motion to Proceed *In Forma Pauperis* **[ECF No. 2]** is **DENIED**.  The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 16th day of July, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     Plaintiff, *pro se*